**BAO LIANG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–1185–ag.

United States Court of Appeals,
Second Circuit.

May 1, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Grethchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Bao Liang Lin, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Philip L. Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The agency's determination that Lin was not credible based on conflicting testimony regarding the issuance of his national identity card in relation to the birth of his second child and the time his family spent in hiding is substantially supported by the record. There was substantial evidence to support the IJ's and BIA's finding that Lin's explanation that the interpreter did not allow him to testify fully did not rectify the discrepancies in his testimony. Because Lin's account of his family's hiding in relation to the birth of his daughter is a central element of his claim of persecution by Chinese family planning officials, the IJ and BIA properly relied on his inconsistent testimony as a

factor in their determination that he was not credible. The IJ's reliance on Lin's difficulty in recalling the dates of his wife's gynecological checkups in relation to the removal of her IUD was also permissible, because such events are closely linked to the family's alleged persecution by birth control officials.

We think that the IJ's finding as to Lin's nonspecific testimony relating to his wife's sterilization was not supported by substantial evidence, *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), but the other two factors used by the IJ to support his adverse credibility finding were supported by substantial evidence. We conclude that it can be "confident[ly] predicted" that the IJ would have reached the same conclusion absent the single erroneous determination. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006).

Because the agency properly determined that Lin failed to present the requisite credible objective evidence establishing his eligibility for asylum, the denial of withholding of removal, which carries a higher of proof, was also appropriate. Lin has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).